**SECOND NAT. BANK OF WASH-INGTON**

v.

**SPINKS et al.**

Civ. A. No. 55–52.

United States District Court
District of Columbia.

June 25, 1953.

William E. Leahy and James F. Reilly, Washington, D. C., for plaintiff.

Charles E. Pledger, Jr., Washington, D. C., for William Mouat Hannay, III.

Ellis, Houghton & Ellis, Washington, D. C., David B. Nicholson and Woodson P. Houghton, Washington, D. C., for defendants.

McGUIRE, District Judge.

This is a motion for summary judgment construing the will and codicil of one William M. Hannay, deceased. The decedent died on November 4, 1951 in the District of Columbia leaving a will dated April 18, 1945 and a codicil thereto dated April 24, 1949.

Paragraph 3 of the will provided:

"3. To Mary Hannay, widow of my brother George F. Hannay, of Kansas City, Missouri, the sum of $4,000, and to each of their children $4,000, as follows: George F. Hannay, jr.; William Mouat Hannay; Robina Hannay; Sadie Hannay; and their married daughter Edith Hannay Bingle."

The residuary clause of the codicil provided:

"The residue of my estate remaining after the payment of all costs of

**154**

administration and all bequests made in my said Will and this Codicil thereto is hereby devised and bequeathed to the following named persons:

"1. Mary Hannay, widow of my brother George F. Hannay; George F. Hannay, Jr.; William Mouat Hannay; Robina Hannay; Sadie Hannay; Edith Hannay Bingle; Margaret McCallum Scott Spinks; Allison Fendall Hannay Scott; William Mouat Hannay III; the daughter of Edith Hannay Bingle; Grace V. Scott and Allis Scott Simmons; *each of them to receive the portion of said residue to which they would be entitled had I died intestate.*" [Emphasis supplied.]

If the interests of Mary Hannay, Georgia Hannay Edman (who is referred to in the codicil as "the daughter of Edith Hannay Bingle,") Grace V. Scott, Allis Scott Simmons, and William Mouat Hannay III, are to be limited to that which they would have been entitled to had decedent died intestate, none of these five would take anything because they were not next of kin or heirs at law. Also, if the law of intestate succession were to apply, Lula Hannay, who was not mentioned either in the will or the codicil, would take.

■ I conclude, with reference to paragraph 3 of the will of the decedent that the motion for summary judgment will lie, and accordingly I construe the language to mean that the bequest of $4,000 to Mary Hannay, because she predeceased the testator, would go to her issue, Title 19, § 110, D.C.Code 1940. The bequest to Robina Hannay would lapse because she died prior to the testator and without issue. I further conclude that the language "each of their children, $4,-000 as follows:" is limited to the children named.

■ Further, with reference to the residuary clause in the codicil, I conclude that under its terms the individuals named therein take share and share alike, and that the portion bequeathed to Mary Hannay shall, by virtue of her death before that of the testator, be divided equally among her surviving issue.

■ This conclusion is buttressed it seems to me by the fact that where a gift is made to two or more, equality is presumably intended, and, further, upon the very fundamental observation that the testator, a lawyer, although engaged in a type of speciality quite remote from the law of wills, certainly could not be presumed in his codicil to have named the individuals in question if he wished the law of intestate succession to apply, because in the application of the statute in that case made and provided, one individual whom he had expressly omitted from both instruments would, as a consequence, take.

It is to be noted that all the residuary legatees named in the codicil also benefit by specific bequests under the terms of the will.

■ The Court is aware of the fact that in case of reasonable doubt as between a construction which conforms more or less closely to the statute of descent and distribution and one which departs widely therefrom, that preference has been usually given to the construction which conforms most nearly thereto. Yet on the other hand it must be remembered that the purpose of a will presumably at least is to avoid and not to carry into effect the provisions of such a statute. In such circumstances the bequest takes the form of general terminology indicating the individuals to whom the property is to go. In this situation, however, the individuals are specifically named and to construe the codicil, therefore, in relation to the terms of the statute of descent and distribution, it seems to me, is to do violence to the language of both instruments generally, particularly insofar as I have concluded that under the circumstances the intent of the testator is clear and, as a consequence, full effect must be given thereto. To apply any other construction would ensure a result which seems to me completely adverse to this, as certain of the residuary legatees would take nothing, and one other person not mentioned at all in ei-

ther instrument, and presumably deliberately so, would take, the effect being a complete distortion of the manifest desires of the testator hitherto expressed.

Order accordingly.