## SPINKS et al.
### v.
## SECOND NAT. BANK OF WASHINGTON et al.
### No. 11962.

United States Court of Appeals
District of Columbia Circuit.

Argued April 6, 1954.

Decided June 10, 1954.

Petition for Rehearing Denied
July 13, 1954.

Mr. Kahl K. Spriggs, Washington, D. C., with whom Messrs. David B. Nicholson and Woodson P. Houghton, Washington, D. C., were on the brief, for appellants.

Mr. Charles E. Pledger, Jr., Washington, D. C., for appellee William Mouat Hannay, III.

Messrs. William E. Leahy, Washington, D. C., and James F. Reilly, Wash-

ington, D. C., entered appearances for appellee The Second Nat. Bank of Washington.

Before WILBUR K. MILLER, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of the United States District Court for the District of Columbia which construed a codicil to a will. We think the trial judge's construction of the testator's language was correct for the reasons given in his opinion, 1953, 122 F.Supp. 153.

Affirmed.

BAZELON, Circuit Judge (dissenting).

I cannot agree with my brothers in following the view of the District Court that all the persons named in the codicil's residuary clause, in dispute here, share and share alike and that the shares of those who predeceased the testator be distributed to their surviving issue, if any.

This clause provides:

"The residue of my estate remaining after the payment of all costs of administration and all bequests made in my said Will and this Codicil thereto is hereby devised and bequeathed to the following named persons:

"1. Mary Hannay, widow of my brother, George F. Hannay; George F. Hannay, Jr.; William Mouat Hannay; Robina Hannay; Sadie Hannay; Edith Hannay Bingle; Margaret McCallum Scott Spinks; Allison Fendall Hannay Scott; William Mouat Hannay III; the daughter of Edith Hannay Bingle; Grace V. Scott and Allis Scott Simmons; *each of them to receive the portion of said residue to which they would be entitled had I died intestate.*" [Emphasis supplied.]

This language reflects a gross ambiguity since five of the twelve persons named are not next of kin, and hence would be entitled to receive nothing if the testator had died intestate, and since at least one other person who is next of kin is not named in this clause. I am unable to draw any reasonable view of the testator's intent, from the will as a whole and the surrounding circumstances, upon which to resolve this ambiguity. For that reason, I cannot escape the conclusion, despite the strong presumption against intestacy, that the codicil's residuary clause is void and the property involved thereunder should therefore pass by intestacy.